**WO**                                                                                                           JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isaac P. Mackenzie, ) | No. CV 05-1839-PHX-MHM (JRI) |
|          Plaintiff, ) | **ORDER** |
| vs. ) | |
| Maricopa County Sheriff's Office, et al., ) | |
|          Defendants. ) | |

This is one of more than one thousand civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1] Plaintiff is an inmate at the 4th Avenue Jail in Phoenix, Arizona. The Court will require an answer to the First Amended Complaint.

**A.     Application to Proceed *In Forma Pauperis* & Filing Fee**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of **$250.00** for this action. An initial partial filing fee of $17.68 will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of Court.

---

[1]Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

**TERMPSREF**

1 Plaintiff will be obligated for monthly payments of 20 percent of the preceding
2 month's income credited to Plaintiff's trust account. The Court will direct the appropriate
3 agency to collect these monthly payments, which will be forwarded to the Clerk of Court
4 each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.
5 28 U.S.C. § 1915(b)(2).

6 Plaintiff should take notice that if he is released before the filing fee is paid in full, he
7 must pay the remaining unpaid amount of the filing fee within 120 days of the date of his
8 release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of
9 his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why
10 he is unable to pay the remainder of the filing fee.

11 **B.     Statutory Screening of Prisoner Complaints**

12 The Court is required to screen complaints brought by prisoners seeking relief against
13 a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
14 § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised
15 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
16 may be granted, or that seek monetary relief from a defendant who is immune from such
17 relief. 28 U.S.C. § 1915A(b)(1), (2).

18 **C.     Claims and/or Parties to be Served and/or Dismissed**

19 *1. Service*

20 Plaintiff's First Amended Complaint concerns his previous confinement in the
21 Durango, Estrella, and Towers Jail facilities. In his First Amended Complaint Plaintiff
22 alleges that the jails were severely overcrowded, he received insufficient and frequently
23 spoiled food, and the living conditions were unsanitary. These allegations adequately state
24 a claim, and the Court will require an answer to the First Amended Complaint.

25 *2. Dismissal*

26 **a. Maricopa County Sheriff's Office**

27 Plaintiff sues the Maricopa County Sheriff's Office, which is not a proper Defendant.
28 In Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon

1 the sheriff. See A.R.S. § 11-441(A)(5); A.R.S. § 31-101. A sheriff's office is simply an
2 administrative creation of the county sheriff to allow him to carry out his statutory duties, and
3 not a "person" amenable to suit pursuant to § 1983. Accordingly, the Maricopa County
4 Sheriff's Office will be dismissed from this action as an improper Defendant.

5 **b. Hart v. Hill**

6 In his First Amended Complaint, Plaintiff refers to Hart v. Hill, No. CIV 77-0479-
7 PHX-EHC (MS) (D. Ariz.), claiming that the conditions of his confinement violated an
8 Amended Judgment in that action. Jurisdiction to enforce the judgment is retained by the
9 court which entered it. Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004). A civil
10 rights action is not the proper means by which to enforce the decree. Cagle v. Sutherland,
11 334 F.3d 980, 986 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996);
12 DeGidio v. Pung, 920 F.2d 525, 534 (8th Cir. 1990); Green v. McKaskle, 788 F.2d 1116,
13 1122-23 (5th Cir. 1986). Standing alone, remedial orders cannot serve as a substantive basis
14 for a § 1983 claim for damages because such orders do not create "rights, privileges, or
15 immunities secured by the Constitution and laws." Green, 788 F.3d at 1123-24. Remedial
16 decrees are the means by which unconstitutional conditions are corrected but they do not
17 create or enlarge constitutional rights. Id. at 1123. To the extent Plaintiff seeks to enforce
18 Hart v. Hill, his claim is not properly brought in this action. Instead, his allegations must
19 separately state a violation of a constitutional right. At this juncture, as described *supra*,
20 Plaintiff's allegations do state a claim for a constitutional violation.

21 **D.   Rule 41 Cautionary Notice**

22 Plaintiff should take notice that if he fails to timely comply with every provision of
23 this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule
24 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-
25 61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of
26 the Court).

27

28 **IT IS THEREFORE ORDERED that:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* is granted. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. The Maricopa County Sheriff or his designee shall collect from Plaintiff's trust account an initial partial filing fee in the amount of $17.68 and shall forward the amount to the Clerk of Court. Said payment shall be clearly identified by the name and number assigned to this action.

(2) The Maricopa County Sheriff or his designee shall collect the filing fee from Plaintiff's trust account by collecting monthly payments in an amount equal to 20 percent of the preceding month's income credited to Plaintiff's trust account and forwarding the payments to the Clerk of the Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the name and number assigned to this action.

(3) The following Defendants are dismissed without prejudice: Maricopa County Sheriff's Office.

(4) The Clerk of Court shall send Plaintiff a service packet including the First Amended Complaint, this Order, and both summons and request for waiver forms for Defendant Joseph Arpaio.

(5) Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on each Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Rule 16.2(b)(2)(B)(i) of the Local Rules of Civil Procedure.

(7) The United States Marshal shall retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(8) The United States Marshal shall notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

1 Rules of Civil Procedure.  The notice to Defendant shall include a copy of this Order.  The
2 Marshal shall file waivers of service of the summons or requests for waivers that were
3 returned as undeliverable as soon as they are received.  If a waiver of service of summons
4 is not returned by a Defendant within thirty days from the date the request for waiver was
5 sent by the Marshal, the Marshal shall:

6     (a) Personally serve copies of the Summons, First Amended Complaint, and this
7 Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil
8 Procedure;

9     (b) Within 10 days after personal service is effected, file the return of service for
10 the Defendant, along with evidence of the attempt to secure a waiver of service of the
11 summons and of the costs subsequently incurred in effecting service upon the
12 Defendant.  The costs of service shall be enumerated on the return of service form
13 (USM-285) and shall include the costs incurred by the Marshal for photocopying
14 additional copies of the Summons, First Amended Complaint, or this Order and for
15 preparing new process receipt and return forms (USM-285), if required.  Costs of
16 service will be taxed against the personally served defendant pursuant to Rule 4(d)(2)
17 and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the
18 Court.

19 **(9) A Defendant who agrees to waive service of the Summons and Complaint**
20 **shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

21     (10)  Defendant shall answer the First Amended Complaint or otherwise respond by
22 appropriate motion within the time provided by the applicable provisions of Rule 12(a) of
23 the Federal Rules of Civil Procedure.

24     (11) Any answer or responsive pleading shall state the specific Defendant(s) by name
25 on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other
26 motion or paper that does not identify the specific Defendant(s) by name on whose behalf
27 it is filed.

28     (12)  Plaintiff shall serve upon Defendant, or if appearance has been entered by

1 counsel, upon counsel, a copy of every further pleading or other document submitted for
2 consideration by the Court. Plaintiff shall include with the original document and copy, to
3 be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of
4 the pleading or document was mailed to Defendant or counsel. Any paper received by a
5 District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court
6 may be disregarded by the Court.

7 (13) At all times during the pendency of this action, Plaintiff shall immediately advise
8 the Court and the United States Marshal of any change of address and its effective date.
9 Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall
10 contain only information pertaining to the change of address and its effective date. Plaintiff
11 shall serve a copy of the notice on all opposing parties. The notice shall not include any
12 motions for any other relief. Failure to file a Notice of Change of Address may result in the
13 dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules
14 of Civil Procedure.

15 (14) A clear, legible copy of every pleading or other document filed shall accompany
16 each original pleading or other document filed with the Clerk for use by the District Judge
17 or Magistrate Judge to whom the case is assigned. Failure to comply with this requirement
18 may result in the pleading or document being stricken without further notice to Plaintiff.

19 (15) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rule 72.1
20 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

21 DATED this 8th day of November, 2005.

_____
Mary H. Murgula
United States District Judge